Eastern District of Kentucky
FILED
SEP 2 6 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 07-190-KSF

MILTON ORR KENNEY,                          PETITIONER

V.                **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

BECKY PANCAKE, Warden,                RESPONDENT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On June 18, 2007, petitioner Milton Orr Kenney, pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Bourbon Circuit Court on or about March 13, 1990. [DE #1].

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

On August 6, 2007, the Respondent moved to dismiss on the grounds that this action is time-barred, having been filed after the applicable statute of limitations had expired.[1] [DE #4]. In the alternative, Respondent moved for an extension of time in which to file her Rule 5 answer in the event her motion to dismiss were denied. Petitioner having filed a response to Respondent's motion to dismiss [DE #6], this matter is ripe for review.

---

[1] Along with Respondent's motion to dismiss, the Respondent also filed a 25-page Appendix (hereafter "A"), consisting of relevant portions of the state court record, the opinion of the Kentucky Supreme Court on direct appeal, the opinion of the Kentucky Court of Appeals affirming the denial of petitioner's post-conviction motions filed in 1995, the opinion of the Kentucky Court of Appeals affirming the denial of petitioner's second post-conviction motions filed in 2004, and a copy of the order from the Kentucky Supreme Court denying discretionary review.

## II. DISCUSSION

### A. Standard of Review

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

### B. Prerequisites for federal habeas corpus review

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

Petitioner is presently an inmate at the Western Kentucky Correctional Complex in Fredonia, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

### C. Factual and Procedural History

Following a jury trial on February 14-16, 1990, a petite jury in Bourbon Circuit Court returned a verdict against petitioner, finding him guilty of two counts of Trafficking in a Controlled Substance, Schedule II Narcotic and of being a First Degree Persistent Felony Offender. Subsequently, on March 13, 1990, the trial court imposed consecutive, twenty-year sentences on each of the drug trafficking convictions, for a total sentence of forty (40) years. Judgment and Sentence on Plea of Not Guilty. (A 1-3).

Petitioner appealed his conviction and sentence to the Kentucky Supreme Court. In an unpublished opinion rendered on November 21, 1991, the Kentucky Supreme Court affirmed petitioner's conviction and sentence. (A 4-11).

2

Subsequently, petitioner filed two separate motions for post-conviction relief in the trial court, a motion filed pursuant to RCr 11.42 and a motion for relief pursuant to CR 60.02. Both of the foregoing motions were denied, and petitioner appealed the denial thereof to the Kentucky Court of Appeals. In an unpublished opinion rendered on May 19, 1995, the Kentucky Court of Appeals affirmed the denial of petitioner's post-conviction motions. (A 12-16).[2]

Thereafter, on January 8, 2004, more than eight years after the Kentucky Court of Appeals affirmed the denial of his RCr 11.42 and CR 60.02 motions, petitioner filed a second CR 60.02 motion in the trial court. On August 31, 2004, the trial court denied petitioner's second CR 60.02 motion. Petitioner appealed that denial to the Kentucky Court of Appeals. In an unpublished opinion rendered on March 3, 2006, the Kentucky Court of Appeals affirmed the denial of petitioner's second CR 60.02 motion. (A 17-24). On October 12, 2006, the Kentucky Supreme Court denied petitioner's request for discretionary review of the decision of the Kentucky Court of Appeals. (A 25).

As previously stated, the present federal habeas petition was filed on June 18, 2007.

### D. The Statute of Limitations for state habeas actions

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") became effective. Section 101 of the AEDPA amended 28 U.S.C. § 2244, adding a new period of limitations for the filing of petitions for writ of habeas corpus. Section 2244 now reads in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United

---

[2] Petitioner did not seek discretionary review of this decision of the Kentucky Court of Appeals.

3

States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Respondent argues that the new one-year period of limitations established by the AEDPA bars the present habeas petition.

## Analysis

Being filed on June 18, 2007, the federal habeas petition was filed subsequent to the enactment of the AEDPA. At first glance, it does not appear (1) that there was any impediment to Petitioner's filing of the petition, (2) that the petition is based upon the assertion of a newly recognized constitutional right, and (3) that there is any issue as to the date on which the factual predicate of Petitioner's claims could have been discovered. Therefore, it is necessary to determine the date on which Petitioner's conviction became final.

To reiterate, the Kentucky Supreme Court affirmed Petitioner's conviction on November 21, 1991, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within ninety (90) days thereafter. See Abela v. Martin, 348 F.3d 164 (6th Cir. 2003). Thus, it appears that Petitioner's conviction became final on February 21, 1991, the last date Petitioner could have filed a petition in the United States Supreme Court for a writ of certiorari. However, at the time Petitioner's conviction became final, the AEDPA, which became effective on April 24, 1996, had not been enacted. When a new statute of limitations is created that would bar pre-accrued claims, such as Petitioner's, the United States Supreme Court has held that the party bringing suit must be given a reasonable time or grace period in which to file suit upon such claims. Block v. North, 461 U.S. 273, 286 n.23 (1983); Texaco, Inc. v. Short, 454 U.S. 516, 526 n.21 (1982). The same

4

considerations that make it inequitable and prejudicial to apply a new statute of limitations to a claim filed prior to the announcement of the new rule also counsel against applying such a rule to a cause of action which accrued prior to the rule; therefore, the party bringing suit must be afforded a reasonable period of time in which to file his or her claims after the announcement of the new limitations period. Kelly v. Burlington Northern R.R. Co., 896 F.2d 1194, 1198-99 (9th Cir. 1990).

In Brown v. O'Dea, 187 F.3d 572 (6th Cir. 1999), the Sixth Circuit joined with the Third and Fifth Circuits and held that a one-year grace period from the effective date of the AEDPA is applicable to pre-accrued claims. Since it appears that Petitioner's conviction became final on February 21, 1991, his federal habeas claim had accrued prior to April 24, 1996, the effective date of the AEDPA, which implemented the new one-year statute of limitations for the filing of federal habeas petitions. Given the one-year grace period, to be timely filed, Petitioner's federal habeas petition would need to have been filed by April 24, 1997, the date the one-year grace period expired.[3]

Petitioner argues that he should get the benefit of equitable tolling. However, as seen in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court has held in that in order to receive the benefit of equitable tolling, a petitioner has to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Petitioner has not met that burden; after pursuing a collateral attack on his conviction with the filing of two post-conviction motions filed in the trial court in 1995, and appealing the denial of those motions to the Kentucky Court of Appeals, petitioner waited over eight years before beginning a second collateral attack on his conviction. Thus, it can hardly be said that Petitioner has diligently pursued his claims, and there is no suggestion of any "extraordinary circumstance" that may have

---

[3] The AEDPA also added a provision that tolls the statute of limitations for the time period in which a petitioner seeks collateral review of his conviction in state courts. See 28 U.S.C. § 2244(d)(2). However, in this case, Petitioner filed no post-conviction motions seeking collateral review during the one-year grace period; therefore, the running of the one-year grace period was not tolled for any reason.

stood in his way. In short, Petitioner has simply slept on his rights and waited too long to file his federal habeas petition.

Consequently, since Petitioner's federal habeas petition was not filed on or before April 24, 1997, the date the one-year grace period expired, the Magistrate Judge concludes that it is time-barred.

### III. CONCLUSION

For all of the reasons stated above, based on a review of the case law relevant to the one-year statute of limitations imposed by the AEDPA for the filing of federal habeas petitions, the Magistrate Judge concludes that Petitioner's federal habeas claim was not timely filed.

Accordingly, **IT IS RECOMMENDED** that Respondent's motion to dismiss this action as time-barred [DE #4] be **GRANTED**, that Respondent's motion for an extension of time in which to file his answer [DE #4] be **DENIED AS MOOT**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 6 and 72(b).

This 26th day of September, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE