Eastern District of Kentucky
**FILED**

OCT 1 6 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 07-190-KSF

MILTON ORR KENNEY,                                                      PETITIONER

V.          **SUPPLEMENTAL PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

BECKY PANCAKE, Warden,                                            RESPONDENT

* * * * * * * * * *

## I. INTRODUCTION

On June 18, 2007, petitioner Milton Orr Kenney, pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Bourbon Circuit Court on or about March 13, 1990. [DE #1]. On August 6, 2007, respondent moved to dismiss this action on the grounds that it was time-barred.[1] [DE #4]. After respondent's motion to dismiss was fully briefed, on September 26, 2007, the Magistrate Judge entered his Proposed Findings of Fact and Recommendation, recommending that respondent's motion to dismiss be granted and that this action be dismissed because it was time-barred. [DE #8].

The record reflects that on the same date the Magistrate Judge's Proposed Findings of Fact and Recommendation was entered herein, September 26, 2007, the Clerk of the Court also docketed a motion filed by petitioner on September 19, 2007, and received by the Clerk of the Court on September 21, 2007, for leave to supplement and amend his original habeas petition. Since this motion for leave to supplement and amend was not electronically filed and was not docketed by the Clerk until September 26, 2007, the Magistrate Judge was unaware of this motion to supplement and

---

[1]Along with his motion to dismiss for failure to exhaust, Respondent also filed an Appendix (hereafter "A") consisting of (1) relevant portions of the state court record, (2) the briefs filed in the Kentucky Court of Appeals on direct appeal; (3) a copy of the decision of the Kentucky Court of Appeals on direct appeal; and (4) a copy of the Kentucky Supreme Court's Order denying discretionary review.

amend at the time the Proposed Findings of Fact and Recommendation was entered on September 26, 2007. Respondent having filed no response to petitioner's motion for leave to supplement and amend, and the time for responding thereto having expired, this motion is ripe for review.

In accordance with local practice, this matter has been referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Fed.R.Civ.P. 72(b).

## II. DISCUSSION

In the interests of judicial economy, the Magistrate Judge incorporates by reference Sections II.A, II.B., and II.C. of the prior Proposed Findings of Fact and Recommendation as though set out in full herein.

## III. MOTION TO SUPPLEMENT AND AMEND

Petitioner seeks leave to amend his habeas petition for the purpose of elaborating on his claim that the trial court erred by instructing the jury that it had the option, when arriving at his sentence, that it could recommend that petitioner's sentences on the two drug trafficking charges contained in the indictment on which he was found guilty (Counts 1 and 4) be ordered to run either concurrently or consecutively.[2] The record reflects that the jury imposed a 20-year sentence on each of these two drug charges (Counts 1 and 4), but recommended that the sentences run concurrently. In the interim between the jury's verdict and petitioner's sentencing hearing, the trial court came to realize that since petitioner was on parole at the time he committed these offenses, by law the court was required to impose consecutive sentences and did not have the authority to run the sentences concurrently.

The thrust of petitioner's argument made in this habeas petition is that the trial court's error in instructing the jury that petitioner's sentences could be ordered to run either concurrently or consecutively, resulted in the imposition of a more severe sentence than the jury intended and also

---

[2] In petitioner's case, he was on parole at the time the offenses were committed; therefore, pursuant to KRS 533.060(2), the court was required to run his sentences consecutively. *Devore v. Commonwealth*, 662 S.W.2d 829, 831 (Ky. 1984).

violated his constitutional rights.  Reading between the lines of petitioner's argument, petitioner seems to be arguing that since the jury recommended concurrent, 20-year sentences, it was the jury's intention that petitioner serve a 20-year sentence on these charges and that if the jury had known that the court was required to run the sentences consecutively, rather than concurrently, then the jury, in all likelihood, would have recommended a 10-year sentence on each drug count, which would have resulted in the same 20-year sentence on the two counts, rather than a 20-year sentence on each count, which resulted in a 40-year sentence by reason of the fact that the sentences had to be run consecutively.  In a nutshell, petitioner argues that due to the court's error in instructing the jury, he is presently serving a sentence twice as long as the jury intended him to serve on these charges, all in violation of his constitutional rights.

**Analysis**

As a general rule, leave to amend is liberally granted, except when the amendment would be futile.  Frank v. D'Ambrosi, 4 F.3d 1378, 1386 (6th Cir. 1993); Newell v. Brown, 981 F.2d 880 (6th Cir. 1992).  See also Foman v. Davis, 371 U.S. 178 (1982).

In this case, petitioner seeks to supplement and amend his habeas petition for the purpose of expounding on his claim that his constitutional rights were violated by the court's error in instructing the jury that petitioner's sentences could be ordered to run either concurrently or consecutively. Since petitioner is not seeking to raise a new claim and since the proposed amendment concerns the same facts as the original habeas petition, it "relates back" to the original habeas petition; however, "relation back" does not change the fact that the original habeas petition was untimely filed, being filed after the one-year grace period had expired, as explained in greater detail in the original Proposed Findings of Fact and Recommendation.  Thus, amendment in this particular case would be futile.  Therefore, leave to amend or supplement should not be granted as it would serve no purpose, since the original habeas petition is still time-barred.

Accordingly, **IT IS HEREBY RECOMMENDED** that petitioner's motion for leave to amend his habeas petition [DE #7] be **DENIED**.

The Clerk of the Court shall forward a copy of this Supplemental Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This _____16 d_____ day of October, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

4