UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-190-KSF

MILTON ORR KENNEY                                                                                    PETITIONER

V.                                                         **ORDER**

BECKY PANCAKE, Warden                                                                         RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

On June 18, 2007, petitioner Milton Orr Kenney filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] in relation o his conviction in Bourbon Circuit Court in March of 1990. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On September 26, 2007, the Magistrate Judge filed his proposed findings of fact and recommendation, concluding that the petitioner's federal habeas petition was not filed on or before April 24, 1997, the date the one-year grace period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expired and, therefore, was time barred. The Magistrate Judge was unaware that on that same date, the petitioner filed a motion to supplement and amend his original habeas petition. Thereafter, the Magistrate Judge considered the motion, and recommended it be denied, as any amended petition would "relate back" to the original untimely petition. Accordingly, the Magistrate Judge recommends in the original and supplemental proposed findings of fact and recommendation that the respondent's motion to dismiss be granted, the petitioner's motion to amend be denied, and that the petition be dismissed.

On October 11, 2007, and October 29, 2007, the petitioner filed objections to the

Magistrate Judge's original and supplemental proposed findings of fact and recommendation. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The petitioner argues that he only first learned that his jury instructions were erroneous in May of 2004. Thus, the AEDPA does not apply, he argues. The petitioner then goes on to argue the merits of his claims.

The Magistrate Judge was correct in his conclusion that the petitioner's federal petition was time barred. As noted by the Magistrate Judge, the petitioner's conviction was final on or about February 21, 1991, prior to the April 24, 1996, effective date of the AEDPA. The AEDPA's one-year grace period for pre-accrued claims such as the petitioner's runs from the later of the date the conviction became final or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. The petitioner argues that he exercised due diligence, but the argument relating to the erroneous jury instructions was only raised for the first time in May of 2004. Regardless of which event "starts the clock" running – the date petitioner's conviction became final or the date he discovered the argument relating to erroneous jury instructions – his petition filed June 18, 2007, was filed too late under the AEDPA. As to the petitioner's motion to amend, he objects to the recommended denial of this motion but, as the Magistrate Judge correctly noted, any amendment would only relate back to the untimely petition. Therefore, amendment is futile in the present case. As such, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's

claim, the Court turns to Slack v. McDaniel, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #8] and supplemental findings of fact and recommendation [DE #10] are ADOPTED as and for the opinion of the Court;

(2) the respondent's motion to dismiss [DE #4] is GRANTED;

(3) the petitioner's motion to supplement and amend petition [DE #7] is DENIED;

(4) the petitioner's objections [DE #9, 11] are OVERRULED;

(5) petitioner's petition for a writ of habeas corpus [DE #1] is DISMISSED WITH PREJUDICE; and

(6) judgment will be entered contemporaneously with this order.

This November 5, 2007.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**